UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIGEL V. FREDRICKS,

                       Plaintiff,

        -against-

DR. LIONEL DESROCHAS, et al.,

                       Defendants.

21-CV-8389 (JGLC) (SLC)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

JESSICA G. L. CLARKE, United States District Judge:

      On October 8, 2021, Plaintiff Nigel Fredricks originally filed this action, *pro se*, alleging violations of his constitutional rights while incarcerated. ECF No. 1. On January 22, 2024, this Court referred this action to Magistrate Judge Sarah L. Cave for general pretrial and dispositive motion purposes. ECF No. 37. On November 4 and 6, 2024, Plaintiff filed two letters (ECF Nos. 75, 76), the first of which requested additional time to oppose the two then pending motions to dismiss, and the second of which appeared to indicate an intention to voluntarily dismiss this action. *See* ECF Nos. 75, 76. The motions to dismiss were subsequently terminated on November 12, 2024. ECF No. 77. And in a Report and Recommendation filed on November 12, 2024, Magistrate Judge Cave recommended that the November 6, 2024 letter (ECF No. 76) from Plaintiff be construed as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and that this action be dismissed. *See* ECF No. 78 (the "R&R"). The Court agrees and adopts the R&R in its entirety.

      In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to

which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the R&R advised the parties that they had fourteen days from service of the R&R to file any objections, and warned that a failure to timely file such objections would result in waiver of any right to object. *See* ECF No.43. In addition, the R&R expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Plaintiff waived the right to object to the R&R or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has independently reviewed the Report and Recommendation, unguided by objections, and finds it to be well-reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is ADOPTED in its entirety, and this action is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff and to CLOSE this case.

Dated: April 4, 2025
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge