UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NIGEL FREDRICKS,<br><br>                    Plaintiff,<br><br>     -against-<br><br>CORRECTION OFFICER WHITE JR.,<br>CORRECTION OFFICER RITTER,<br>CAPTAIN LEMON, DR. LIONEL<br>DESROCHAS,<br><br>                    Defendants. | 21-CV-8389 (JGLC) (SLC)<br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

JESSICA G. L. CLARKE, United States District Judge:

This case was referred to Magistrate Judge Sarah L. Cave for general pretrial and dispositive motion supervision. *See* ECF No. 37. In the Report and Recommendation filed on September 9, 2025, Judge Cave recommended that this case be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 90 ("R&R") at 4.

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections and warned that failure to timely file such objections would result in waiver of any right to object or seek appellate review. *See* R&R at 5. In addition, the Report and Recommendation expressly called the parties' attention to Rules 6 and 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *Id.* at 4. In deference to Plaintiff's *pro se* status, the Court *sua sponte* extended his deadline to object after no objections were filed by the original deadline. *See* ECF No. 91. Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Plaintiff waived the right to object to the Report and Recommendation or to obtain appellate review. *See Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

Despite the waiver, the Court has reviewed the record and the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Mr. Fredericks' most recent communication with the Court indicated that he would like for the case not to be re-opened, after the Court previously closed and re-opened the case on his requests. *See* ECF Nos. 76, 79, 86–88. However, given some ambiguity regarding Mr. Fredericks' intent, the Court directed Mr. Fredericks to file an amended complaint. *See* ECF No. 86. In that Order, Judge Cave identified specific defects that must be cured with an amended complaint and directed Mr. Fredericks that his case could be dismissed for failure to prosecute if he failed to comply. *Id.* Later that month, Judge Cave issued a *sua sponte* extension for the amended complaint and reminded Mr. Fredericks about the possibility of dismissal if he failed to meet the extended deadline. ECF No. 89. Now, nearly seven months later and with a Report and Recommendation since filed, Mr. Fredericks still has

not sent any communication to the Court. Accordingly, the Report and Recommendation is ADOPTED in its entirety.

In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close the case and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: January 16, 2026
    New York, New York

_____
JESSICA G. L. CLARKE
United States District Judge

3